## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SAV–ON DRUGS, INC., Respondent.

### No. 81–7428.

United States Court of Appeals, Ninth Circuit.

Sept. 1, 1983.

Elliott Moore, N.L.R.B., Washington, D.C., for petitioner.

McLaughlin & Irvin, Timothy F. Ryan, Los Angeles, Cal., for respondent.

Before BROWNING, Chief Judge, WRIGHT, CHOY, GOODWIN, WALLACE, SNEED, KENNEDY, ANDERSON, HUG, TANG, SKOPIL, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON,

POOLE, FERGUSON, NELSON, CANBY, BOOCHEVER, NORRIS, and REINHARDT, Circuit Judges.

CHAMBERS, Circuit Judge, dissenting from en banc order.

As a member of the three-judge panel which heard this appeal, I dissent from the order above taking this case en banc.

The opinion was written by me. Circuit Judge Wallace concurred and Circuit Judge Norris dissented. Thereupon, a request for en banc was made by an active judge of our court. A majority of our active judges voted for en banc. I cannot tell you the division of the votes because we have a house rule which precludes it, but it is in our General Orders. I now think the rule violates the First Amendment of the Constitution. It was the right of the majority to so vote and they know the division of the votes. Immediately, essentially by lot, an 11 person en banc court was drawn.

My comment: What is our standard for voting for en banc? I am not convinced that the three person panel offended precedent of other circuits or precedent of our court. Thus, I conclude that a majority of circuit judges simply does not agree with my opinion. It was a close case.

Our en banc business is sort of a certiorari process. It is not unlike California having the discretionary right (but not duty) to "grant a hearing" on a case decided by one of its district courts of appeal. And, it is not unlike the United States Supreme Court power of certiorari over our court, panel or en banc. But at least in those courts a lawyer can judge the temper of the higher body, which does not change from day to day. Our limited en bancs in many respects are a lottery when the judges chosen are less than all.

So what? En banc cannot be a prestigious or precious institution with us, when by lot each new en banc case gets a new court. We should lean against taking cases en banc. Although it is overworked, it is the Supreme Court's duty to overrule "bad" decisions, if "bad" enough.

Our en bancs really do very little to stabilize things. They only fuel the fires to divide our circuit. Each en banc we grant moves us closer to it. And, we will see that surgery will not better serve the bar or the people of the circuit.

Of course, there is a time to exercise our en banc power, but that is rare. Such a case was *Strand v. Schmittroth*, 251 F.2d 590 (9th Cir. en banc 1957), following panel decision, 233 F.2d 598 (9th Cir. 1956), and dissent in rejection of rehearing and rehearing en banc, 235 F.2d 756 (9th Cir. 1956). There a plurality of a panel had held that federal probation had a protective casing of immunity and could not be prosecuted by a state if he was out on federal probation. If that were the law and Harvey Lee Oswald had been on federal probation, he could not have been prosecuted by Texas for shooting President Kennedy. (Of course, one Jack Ruby prevented the courts from doing anything about Oswald's crime.) But there in that case, *Schmittroth* had, if the decision of the panel had stuck, the seeds of national impotence or national silliness. But because such an egregious case happens once a decade, is no reason the court should be loose about en banc.

I would not be adverse to letting the 11 most junior judges or the 11 most senior active or even the middle 11 be the en banc court. That would give stability.